UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JOHN DIOSA )
    Petitioner )
  )
  v. )
  )
BRUCE CHADBORNE )
DISTRICT DIRECTOR )
U.S. IMMIGRATION AND )
CUSTOMS ENFORCEMENT )
    Respondent )

**05 · 10103 RGS**

RECEIPT #_____
AMOUNT $ ____500____
SUMMONS ISSUED ___—___
LOCAL RULE 4.1 ___—___
WAIVER FORM ___—___
MCF ISSUED ___—___
BY DPTY. CLK. __M.P__
DATE __1/14/05__

MAGISTRATE JUDGE  JGD

Now Comes the Petitioner:

1. The Petitioner, John Diosa, is a resident of Rhode Island, and is presently in the custody of the U.S. Immigration and Customs Enforcement Agency, at the Suffolk County House of Correction.

2. The Respondent, Bruce Chadborne, is the District Director for the U.S. Immigration and Customs Enforcement Agency, District of Boston.

JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. § 2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Oliva v. INS, 1999 WL 61818 (2nd Cir. 1999).

SUMMARY OF ISSUE

4. John Diosa ("Petitioner") is a native and citizen of Colombia. Petitioner first entered the United States on July 4, 1981 as a Lawful Permanent Resident. Petitioner

1

was convicted of conspiracy to possess with intent to distribute cocaine on June 7, 1985 and sentenced to three years in prison in the United States District Court for the Southern District of Florida.

5. In September of 1985, Petitioner was put into Deportation Proceedings by through an Order to Show Cause. Petitioner was released on $10,000 bond. Petitioner was required to be at Immigration Court on February 25, 1987. Petitioner and his attorney were never notified of said hearing

6. On March 9, 1987, the Service served Petitioner's bond obligor a Form I-340, "Notice to Deliver Alien" into Service custody at the INS office in El Paso, TX, on March 24, 1987 "for deportation."

7. On March 23, 1987, Petitioner's new Attorney called the El Paso, TX, office of the Service. Petitioner's new Attorney informed the Service that Respondent did not receive notice of the Deportation Hearing. The Deportation Officer said that Petitioner would be required to attend a "re-calendering" hearing by March 24, 1987. Petitioner was able to get an extension to March 25, 1987 but neither Petitioner nor Petitioner's attorney attended.

8. On March 24, 1987 Petitioner's prior Attorney filed an "Application for Stay of Deportation" with the Service. The Stay stated that neither Petitioner, Petitioner's Attorney nor bond obligor received any notification of the deportation hearing on February 25, 1987. Petitioner's Attorney spoke with the Service in El Paso, TX, and was informed that the case was administratively closed and that the IJ no longer had jurisdiction of the case.

9. On March 29, 1987, Petitioner, believed that the I-340 was equivalent to a Deportation Order. Petitioner was fearful that he if he went to El Paso, TX, he would be detained and forcibly removed from the U.S. As a result, Petitioner voluntarily departed the United States.

10. On April 17, 1987, the Service answered Petitioner's prior Attorney's Application for Stay of Deportation by stating the stay was not necessary because Respondent was never ordered deported and Respondent's case was administratively closed.

11. On April 21, 1987, Petitioner's prior Attorney filed a request for return for the bond and an appeal, stating: 1) Petitioner, Petitioner's attorney and bond obligor's claim that they did not receive notice of the hearing was never disproved; 2) because Petitioner did not appear at his hearing, a demand for surrender and departure by the service was invalid; and 3) the I-340 that demanded Petitioner report for deportation contradicted the Services' claim that there was never a deportation order in place.

12. On May 1, 1988, Petitioner reentered the United States using a fraudulent passport.

13. In 1993, Petitioner discovered he was not deported but his case was administratively closed. Petitioner was put in deportation proceedings on November 19, 1993.

14. On August 11, 1997, the BIA remanded Petitioner's case to the Immigration Court in order for the IJ to determine was Petitioner was eligible for a § 212(c) waiver. The IJ found Petitioner abandoned his LPR status when he departed the United States for Colombia in March of 1987. On April, 10, 2002, the IJ ordered Petitioner deported.

15. On October 9, 2003, the BIA affirmed the IJ's decision finding Petitioner deportable.

16. On December 15, 2003 Respondent filed a Writ of Habeas Corpus in the United States District Court for the District of Massachusetts. On June 21, 2004, the District Court dismissed Respondent's case finding it lacked jurisdiction. The matter was appealed by Respondent on August 26, 2004.

17. On December 23, 2004, Petitioner filed a Motion to Reopen with the Board of Immigration Appeals on the basis of an Asylum claim and Ineffective Assistance of Counsel, *Lozada* claim.

18. On or about January 4, 2004 the Attorney handling the First Circuit Appeal filed a Motion for an Emergency Stay of Deportation. On January 12, 2004, that Motion was denied.

19. The Motion to Reopen is currently pending before the BIA.

3

20. Petitioner is scheduled to be transferred to Louisiana for Venue on January 18, 2005. Petitioner is scheduled to be deported on January 24, 2005.

21. Petitioner is married to a United States citizen. Petitioner was married on June 20, 1985 to Edith Salinas. Edith Diosa became a naturalized United States citizen on July 11, 1994. There is currently an I-130 pending with the Service. Petitioner has two United States citizen children. Petitioner has a United States Citizen son, John Michael Diosa, who was born on September 28, 1987 in Providence, RI. Petitioner has a United States Citizen daughter, Tiffany Lee Diosa, who was born on September 6, 1990 in Providence, RI.

22. Petitioner's Motion to Reopen with the BIA is a new action and all administrative remedies have been exhausted.

ANALYSIS

23. The Petitioner moves this Honorable Court to grant this request for habeas relief and stay removal pending the outcome of Petitioner's Motion to Reopen, filed with the Board of Immigration Appeals.

24. Deportation is not, the inevitable consequence of unauthorized presence in the United States. Johns v. Department of Justice of U.S., 653 F.2d 884 (C.A.Fla., 1981.) The Attorney General is given discretion by express statutory provisions, in some situations, to ameliorate the rigidity of the deportation laws. Id. Even after a final order of deportation has been entered, the District Director can exercise discretion to afford aliens relief from deportation.

25. The Attorney General is also authorized to "withhold deportation" of any alien to any country if the alien's life or freedom would be threatened there on account of race, religion, nationality, membership in a particular social group, or political opinion. Id.

26. The Petitioner Contends that the Attorney General does not have the authority to execute removal where Petitioner's application for relief is still pending before the Immigration Judge.

27. In support of his petition, the Petitioner argues that there is a substantial likelihood that his case will be reopened and remanded to the Immigration Judge, where Petitioner received ineffective assistance of counsel, an Asylum claim and a pending I-130 petition before the Service.

CONCLUSION

28. Based upon the above stated facts, Petitioner prays that this court will grant his request for Habeas Corpus, where removal under the circumstances would amount to a violation of his Constitutional rights.

Respectfully Submitted,

Jeff Ross, Esq.
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
(617) 338-4040
BBO: 648972

I hereby certify that a true copy of the above document was served upon Office of the District Counsel, Department of Homeland Security, JFK Building, Room 425, 15 New Sudbury Street, Boston, MA 02203; the attorney of record for each party by mail on January 14, 2005.

**DETAINED AT GOVERNMENT EXPENSE**

Richard Sanders, Esq.
20 Park Plaza, Suite 633
Boston, MA 02116
T (617) 338-4040
F (617) 338-6262
rsanders@ross-law.com

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
**BOARD OF IMMIGRATION APPEALS**

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | Alien No.: A37-130-133 |
| John DIOSA ) | |
| Respondent. ) | |

**MOTION FOR EMERGENCY STAY OF DEPORTATION BASED ON MOTION
TO REOPEN AND RESCIND REMOVAL ORDER BASED ON INEFFECTIVE
ASSISTANCE OF COUNSEL, A PENDING I-130 WITH
212H WAIVER, ASYLUM, NEW EVIDENCE, PREVIOUSLY UNEXPLORED
REMEDIES OR SUA SPONTE IN THE ALTERNATIVE**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS

Alien No.: A37-130-133

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | **DETAINED** |
| John DIOSA ) | |
| Respondent. ) | |

## MOTION FOR EMERGENCY STAY OF DEPORTATION

NOW COMES, John Diosa ("Respondent"), by and through Counsel, and respectfully moves this Honorable Court for an Emergency Stay of Deportation based on Motion to Reopen based on ineffective assistance of counsel, pending I-130 with 212h Waiver, Asylum, New Evidence, Previously Unexplored Remedies or Sua Sponte in the Alternative. Respondent bases his motion on the Immigration and Nationality Act ("INA") at 8 CFR § 1003.6 (formerly 8 C.F.R. § 3.6)).

Respectfully Submitted,

December 23, 2004
Date

Richard Sanders
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
MAIN (617) 338-4040

## CERTIFICATE OF SERVICE

I Richard Sanders, certify I have served a true and accurate copy of the within to the:

Office of the District Counsel
Department of Homeland Security
JFK Building, Room 425
15 New Sudbury Street
Boston, MA 02203

In Hand/postage prepaid on this 23rd of December 2004

December 23, 2004
Date

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0003
Fee Waiver Request

# FEE WAIVER REQUEST

John Diosa
_____
Name

37-130-133
_____
Alien Number ("A" Number)

> If more than one alien is included in your appeal or motion, only the lead alien need file this form.

I, John Diosa_____, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the person above and that I am unable to pay the fee. I believe that my appeal/motion is valid, and I declare that the following information is true and correct to the best of my knowledge.

**Assets**

| | |
|---|---|
| Wages, Salary | $ 0 /month |
| Other Income (business, profession, self-employment, rent payments, interest, etc.) | 0 /month |
| Cash | 0 |
| Checking or Savings Account | 0 |
| Property (real estate, automobile, stocks, bonds, etc.) | 0 |
| Other Financial Support (public assistance, alimony, child support, parent, spouse, friends, other family members, etc.) | 0 /month |

**Expenses (including dependents)**

| | |
|---|---|
| Housing (rent, mortgage, etc.) | $ 0 /month |
| Food | 0 /month |
| Clothing | 0 /month |
| Utilities (phone, electric, gas, water, etc.) | 0 /month |
| Transportation | 0 /month |
| Debts, Liabilities | 0 /month |
| Other _____ (specify) | 0 /month |

*John Diosa*
Signature

12/23/2004
Date

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is one (1) hour. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

Form EOIR-26A
September 2002

U.S. GPO: 2002-496-240/62474

**DETAINED AT GOVERNMENT EXPENSE**

Richard Sanders, Esq.
20 Park Plaza, Suite 633
Boston, MA 02116
T (617) 338-4040
F (617) 338-6262
rsanders@ross-law.com

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
**BOARD OF IMMIGRATION APPEALS**

| | |
|---|---|
| IN THE MATTER OF )<br>)<br>John DIOSA )<br>Respondent. ) | Alien No.: A37-130-133 |

**MOTION TO REOPEN AND RESCIND REMOVAL ORDER BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL, A PENDING I-130 WITH 212H WAIVER, ASYLUM, NEW EVIDENCE, PREVIOUSLY UNEXPLORED REMEDIES OR SUA SPONTE IN THE ALTERNATIVE**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS

Alien No.: A37-130-133

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | DETAINED |
| John DIOSA ) | |
| Respondent. ) | |

## MOTION TO REOPEN AND RESCIND REMOVAL ORDER BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL, A PENDING I-130 WITH 212H WAIVER, ASYLUM, NEW EVIDENCE, PREVIOUSLY UNEXPLORED REMEDIES OR SUA SPONTE IN THE ALTERNATIVE

NOW COMES John Diosa ("Respondent"), by and through Counsel, and hereby moves this Honorable Court to Reopen the April 10, 2002 decision finding Respondent abandoned his permanent residence based on 8 C.F.R. § 1003.23(b)(4)(i), a pending I-130 with a 212(h) waiver, new evidence regarding Respondent's stay outside of the United States and ineffective assistance of counsel. Respondent submits new evidence in support of this motion:

1. Respondent was deprived of his right to counsel and has met the <u>Lagoda</u> requirements; and

2. respondent has an I-130 pending with 212H relief with the service; and

3. respondent has located new evidence demonstrating his intent to return to the United States and demonstrating that Respondent did not abandon his permanent residency; and

4. respondent was ineffectively represented by prior counsel; and

5. Pursuant to 8 C.F.R. § 1003.23(b)(4)(i), a Motion to Reopen may be filed where the time and numerical limits are not applicable if the basis of the Motion is to apply for Asylum pursuant to § 208 of the Act or Withholding of Removal pursuant to § 241(b)(3) of the Act; and

     6.     counsel will file Memorandum of Law in Support of Motion to Reopen within ten (14) days of filing this Motion to Reopen; and

     7.     attorney for Respondent respectfully requests that this motion be granted.

Respectfully Submitted,

December 23, 2004
Date

Richard Sanders
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
MAIN (617) 338-4040