UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10103- RGS

JOHN DIOSA

v.

BRUCE CHADBORNE, DISTRICT
DIRECTOR U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT

ORDER ON MOTION FOR EMERGENCY
STAY OF REMOVAL

January 19, 2005

STEARNS, D.J.

The Petitioner's Motion for Emergency Stay of Removal is DISMISSED as the court

lacks jurisdiction. In Vasquez v. Reno, 233 F.3d 688 (1st Cir. 2000), the First Circuit Court

of Appeals concluded that the proper respondent to a habeas petition is the "person who

has custody of the person detained." Id., at 693. On January 18, 2005, Diosa was

transferred to a detention center in the Western District of Louisiana, and is scheduled to

be deported on January 24, 2005. Accordingly, jurisdiction lies no longer in this court. Id.,

at 694-695 ("[W]e conclude that the plentitude of habeas cases pending in the Western

District of Louisiana does not justify departing from the clear, well-established principle that

the proper respondent to a habeas petition is the immediate custodian of the petitioner's

person.") (emphasis added.)

Even if jurisdiction attached, the motion would be denied as the issues of asylum and

ineffective assistance of counsel could have, and should have been raised in the

proceedings before Judge Saris. See Diosa-Ortiz v. Ashcroft, 334 F. Supp. 2d 27 (D.Mass.

2004).  See also Pasterczyk v. Fair, 819 F.2d 12, 14 (1st Cir. 1987) (citing exceptions to the general rule which prohibits claims splitting as set out in Restatement (Second) of Judgments § 26(1)(c)).

ORDER

For the foregoing reasons, the Petitioner's Motion for Emergency Stay of Removal is DISMISSED.  The case is ordered transferred to the Western District of Louisiana.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT COURT